McIlvaine, J.
The defendant claims the right to insure the owners of horses and cattle against loss by theft or death, under its articles of incorporation and by virtue of section 3231 of Revised Statutes, which provides: “ Corporations may be formed, in the manner provided in this chapter, for any purpose for which individuals may lawfully associate themselves together —except for dealing in real estate, or carrying on professional business; and if the organization is for profit it must have a capital stock*.”
Undoubtedly the broad terms of this-section would be sufficient warrant for the exercise by defendant of the franchises and privileges claimed; but, on the other hand, it is claimed that section 3235 must be construed in connection with chapters 10 and 11, title 2, of Revised Statutes, wherein, it is claimed that the whole subject of insurance by incorporated companies in this state is regulated,- and that defendant is not within the provisions or protection of either of these chapters.
We agree with the attorney-general in the opinion, that the whole subject of insurance by companies incorporated under the laws of this state is regulated by these chapters, and that no insurance company can be incorporated under the general provisions of section 3235. The special provisions made in these chapters in relation to the organization of insurance incorporations withdraws snch corporations from the general provisions in section 3235, which relate to corporations generally.
It is not claimed that defendant was organized under these chapters, and it is plain it was not. Chapter 10 relates exclusively to insurance on the lives of individuals. Chapter 11 embraces all insurance other than life.
In this chapter three classes of insurance companies are provided for: 1st. Stock. “The minimum amount of stock required is $100,000. The defendant has only $5,000. 2nd. Mutual. There is no claim that the conditions precedent to the organization of a company on the mutual plan, as emunerated in section 3634, have been complied with. 3d. mutual protection as authorized by sections 3686, 3687 and 3688. [The defendant was not organized as a mutual protection association.] The number of corporators required by these sections *349 is not less than ten. The number who signed the defendant’s certificate was only eight.
It follows, therefore, that the defendant is wrongfully exercising the franchise of insurance, and must be ousted. The demurrer is overruled and judgment for relator.